**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

LISA RYAN MURPHY,
ADC #760343                                                              PLAINTIFF

v.                                    3:20-cv-00227-KGB-JJV

N. FAUST, Senior Warden,
McPherson Unit, ADC; *et al.*                                          DEFENDANTS

<u>**ORDER**</u>

Lisa Ryan Murphy ("Plaintiff") is a prisoner in the McPherson Unit of the Arkansas

Division of Correction ("ADC").  She has filed a *pro se* Complaint and an Application to Proceed

Without Prepayment of Fees and Affidavit ("IFP Application").  (Doc. Nos. 1 & 2.)

**I.      PROCEEDING PRO SE**

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law

and will give deference to a *pro se* plaintiff where the law requires.  However, all parties, including

*pro se* litigants, must comply with substantive and procedural law.  *Brown v. Frey*, 806 F.2d 801,

804 (8th Cir. 1986) (citations omitted).  For this reason, the Court will only consider claims

properly pled in a complaint or in a superseding amended complaint.  The Court will not consider

claims stated in notices or other pleadings that fail to comply with the Federal Rules of Civil

Procedure.

Additionally, Plaintiff must comply with the Local Rules of the Court.  Of particular note

to *pro se* plaintiffs is Local Rule 5.5(c)(2), which states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to
> monitor the progress of the case, and to prosecute or defend the action diligently.
> A party appearing for himself/herself shall sign his/her pleadings and state his/her
> address, zip code, and telephone number. If any communication from the Court to

a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice**.** Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2).

## II.    FILING FEE

The total cost for filing a civil action in federal court is $400, which includes a $350 statutory fee and a $50 administrative fee.  Plaintiff seeks permission to proceed *in forma pauperis.* The Prison Litigation Reform Act provides, in part, that a prisoner cannot proceed *in forma pauperis* in a civil action if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added).

Prior to filing this lawsuit, Plaintiff had at least five cases dismissed for failing to state a claim upon which relief may be granted.[1]  Thus, she is a three-striker.  Consequently, Plaintiff can proceed *in forma pauperis* only if she demonstrates: (1) she was in imminent danger of serious physical injury at the time the complaint was filed; and (2) there is a risk of ongoing danger or future injury.  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the three strikes rule to prevent impending harms, not those harms that had already occurred"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past

---

[1] *Murphy v. Faust,* No. 1:14-cv-00127-JM (E.D. Ark. Nov. 18, 2014); *Murphy v. Culclager,* No. 1:15-cv-00027-BSM (E.D. Ark. June 5, 2015); *Murphy v. Kelly,* No. 1:15-cv-00044-JM (E.D. Ark. Apr. 27, 2015); *Murphy v. Robinson,* No. 1:15-cv-00047-JM (E.D. Ark. June 24, 2015); *Murphy v. Fisk,* No. 1:15-cv-00050-BSM (E.D. Ark. July 24, 2015).

are insufficient").  Plaintiff alleges that, approximately five years ago, Defendant former Chaplain Kenith Dewitte stole thousands of dollars from her and that the remaining Defendants failed to conduct an adequate investigation of her theft allegations against Dewitte.  (Doc. No. 2.) Because these allegations do not suggest Plaintiff is in imminent danger of serious physical injury, she is not entitled to proceed *in forma pauperis.*

## III.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.    Plaintiff's IFP Application (Doc. No. 1) is DENIED pursuant to 28 U.S.C. § 1915(g).

2.    Plaintiff must submit to the Clerk of this Court the statutory filing fee of $400, in full, **within twenty-one (21) days of the date of this Order.**  Failure to do so will result in a recommendation that this action be dismissed without prejudice.

DATED this 17th day of August 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE